# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVIN GRAHAM, SR., | CASE NO. 1:10-cv-00265-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAMES HARLEY, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Bevin Graham, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California. However, some of the events described in Plaintiff's complaint took place while he was incarcerated at North Kern State Prison ("NKSP") in Delano, California. Plaintiff names James Harley (warden), Ellen Greenman (chief medical officer), Guino (correctional officer) and Jackson (correctional officer) as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff's complaint will be dismissed, with leave to file an amended complaint within thirty days.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

Plaintiff claims that he was injured while being transported to a hospital outside the prison. On February 20, 2009, Plaintiff was transported from NKSP to an off-site optometry clinic. After the appointment, Plaintiff fell down while attempting to exit the transport van. Defendant Guino tried to break Plaintiff's fall, but Plaintiff was knocked back onto the side of the van. Guino attempted to lift Plaintiff off the ground but Plaintiff could not move because he was shackled. Guino removed the shackles and assisted Plaintiff to his feet. Guino hurt his hand trying to break Plaintiff's fall and complained that he should have let Plaintiff fall without trying to help. A few moments later, Guino asked Plaintiff if he was hurt, and Plaintiff reported that his back and left shoulder were hurting. Guino then climbed into the van and began complaining because Plaintiff left his empty lunch bag in the van. Guino told Plaintiff to take his trash home. Plaintiff contends
///

1  that Guino failed to follow proper procedure by failing to have Plaintiff examined by medical staff
2  immediately.
3     When Plaintiff returned to his housing unit, he felt a sharp pain in his back after he attempted
4  to sit on his bunk. Plaintiff filled out a sick call slip and asked another prisoner to deliver it to the
5  clinic. Thirty minutes later, Plaintiff was summoned to the clinic. Plaintiff was "triaged" by the
6  nurse and sent back to his housing unit. Thirty minutes later, Plaintiff was called back and was
7  offered Ibuprofen. Plaintiff rejected the pills because it elevated his blood pressure and hurt his
8  stomach. Plaintiff was given Aleve instead. Plaintiff was told that he would see a doctor three days
9  later on Monday.
10    Plaintiff was not seen until Tuesday morning and received x-rays of his back. Four days
11 later, Plaintiff submitted a form requesting a firm mattress because of his severe back pain. On
12 March 25, 2009, Plaintiff's request was partially granted and Plaintiff was given a "double mattress
13 chrono" from Dr. C. Ukiomogby. However, Plaintiff was transferred to ASP ten days later.
14    Plaintiff presented his double mattress chrono to ASP staff, but the staff refused to honor the
15 chrono. Plaintiff was instead told to fill out a sick call slip. Plaintiff filled out several slips but did
16 not receive a response until around July 7th or 8th. Plaintiff was seen by a registered nurse, but did
17 not see a doctor. On July 11, 2009, Plaintiff was scheduled to see a doctor, but when he arrived at
18 the clinic, a correctional officer told him to wait in his housing unit until he was called. Plaintiff
19 complains that another prisoner was ducated the same day and seen for treatment, while Plaintiff's
20 appointment was canceled. Plaintiff filed a "request for reasonable accomodation[sic]" but
21 contends that he did not receive a response and Dr. E. Nareddy claimed to have interviewed Plaintiff
22 about the matter but the purported interview never occurred.
23    On July 29, 2009, Plaintiff was seen by a registered nurse. However, Plaintiff's medical file
24 was not available and the nurse took some notes and told Plaintiff he would be seen by a doctor in
25 the next few days. On August 1, 2009, Plaintiff received a ducat to see a doctor on August 3, 2009.
26 The doctor told the nurse to give Plaintiff "a pass to have his blood presure[sic] checked every day
27 for one (1) week" by the licensed vocational nurses in the clinic. (Compl. 9, ECF No. 1.) However,
28 Plaintiff's blood pressure was not checked on two of those days because the nurses were too busy.

On August 6, 2009, Plaintiff's chest was x-rayed. On August 12, 2009, Doctor T.F. Amato ordered physical therapy for Plaintiff's left shoulder. Plaintiff received another x-ray and was given a bottle of Acetaminophen. On August 20, 2009, Plaintiff was seen by a nurse who told Plaintiff that he would be taken to an outside clinic for x-rays and would also be taken to see a physical therapist. On September 16, 2009, Plaintiff was taken to Pleasant Valley State Prison for x-rays. On September 18, 2009, Plaintiff was seen by a physical therapist and was told that his shoulder was injured or fractured.

On October 10, 2009, Plaintiff saw the physical therapist and was given instructions regarding performing various exercises on his own. On November 15, 2009, Plaintiff was seen by clinic staff and given Ibuprofen and Acetaminophen. On November 25, 2009, Plaintiff filed a complaint about his injury.

Plaintiff claims that Defendant Guino failed to properly assist Plaintiff while he was exiting the transport van.

### III. Discussion

#### A. Claims Against Defendant Guino

Plaintiff claims that Defendant Guino is liable under Section 1983 for failing to properly assist Plaintiff while he was exiting a transport van. Plaintiff does not identify what civil right was violated by Defendant Guino's actions.

Prisoner claims under Section 1983 for injuries caused by prison officials are generally brought under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's

necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's claims do not rise to the level of an Eighth Amendment violation against Defendant Guino. Guino did not push Plaintiff out of the van or even force Plaintiff to exit the van against his will. Plaintiff did not inform Guino that he would be unable to exit the van. In short, there are no facts that suggest that Guino was aware of an excessive risk that Plaintiff would seriously hurt himself while exiting the van. Although Plaintiff alleges that he had limited mobility in his left leg and hip and difficulty walking due to a stroke, the Court finds that Guino's actions do not rise to the level of deliberate indifference and are not unconstitutional simply because Plaintiff slipped and suffered a serious injury while exiting the van.

Plaintiff also contends that Guino should have summoned medical staff immediately after Plaintiff's fall. However, Plaintiff alleges that he did not experience any sharp pain until he returned to his housing unit and attempted to sit on his bunk. There are no facts to suggest that Guino was aware that immediate medical attention was necessary. When Guino asked Plaintiff if he was alright, Plaintiff stated that his back and shoulder were in pain. Plaintiff did not report anything to place Guino on notice that Plaintiff required immediate medical attention. Plaintiff returned to his housing unit without protest and without requesting any further help. Based on those facts, Guino's response did not rise to the level of deliberate indifference. Accordingly, Plaintiff fails to state any claims against Defendant Guino.

**B.     Claims Against Defendants James Harley, Ellen Greenman, and Jackson**

Plaintiff identifies warden James Harley, chief medical officer Ellen Greenman, and correctional officer Jackson as defendants. However, Plaintiff has failed to identify anything Harley, Greenman, or Jackson did or failed to do that caused or contributed to Plaintiff's injuries.

5

"In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Id. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Unforseen intervening causes break the chain of proximate causation in Section 1983 actions. Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Further, supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not demonstrated how Harley, Greenman, or Jackson caused Plaintiff's injuries. As discussed above, Plaintiff cannot sue Harley or Greenman solely because their subordinates caused Plaintiff's injuries. Plaintiff's complaint fails to state any cognizable claims against Defendants Harley, Greenman, or Jackson.

**IV.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   November 10, 2010                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE