UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVIN GRAHAM, SR., | CASE NO. 1:10-cv-00265-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES HARLEY, et al., | (ECF No. 10) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.   Screening Requirement**

Plaintiff Bevin Graham, Sr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the first amended complaint, filed December 6, 2010. (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.    Complaint Allegations

Plaintiff brings this action against Defendants Guino and Jackson for deliberate indifference to his medical needs and is seeking a permanent injunction and compensatory and punitive damages. On February 20, 2009, while housed at North Kern State Prison ("NKSP"), Plaintiff was transported for an optometry appointment by Defendants Guino and Jackson. After returning to NKSP, Defendant Guino instructed Plaintiff to get out of the van and stood back with his arms folded. (First Am. Compl. 4, ECF No. 5.)[1] As Plaintiff attempted to exit the van, he lost his balance and fell backwards. Defendant Guino attempted to break Plaintiff's fall and they both went to the ground. Defendant Guino tried to lift Plaintiff off the ground, but was unable to because Plaintiff was still shackled. Defendant Guino unshackled Plaintiff and assisted him back to his feet. (Id. at 5.)

Defendant Guino injured his hand and told Plaintiff that he should have just let him fall rather than attempting to stop him from falling. Defendant Guino asked Plaintiff if he was hurt and

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1  Plaintiff said his back and shoulder were hurting severely.  Defendant Guino retrieved Plaintiff's
2  empty lunch bag and began "verbally assaulting" Plaintiff about leaving trash in the van.  (Id. at 6)
3        When Plaintiff returned to the housing unit and attempted to sit on his bunk he felt a sharp
4  pain in his back and shoulder.  Plaintiff filled out a sick call slip and about thirty minutes later he was
5  told to report to the medical clinic.  (Id.)  Plaintiff was seen by a nurse the same day and was offered
6  Ibuprofen.  After Plaintiff explained that he was unable to take Ibuprofen, he was given Aleve
7  instead and informed that he would receive x-rays and a follow-up visit on February 23, 2009.
8  Plaintiff was seen on February 24, 2009.  (Id. at 7.)  Plaintiff alleges that Defendant Guino knew that
9  a doctor was in "R & R" on the day Plaintiff was injured and failed to follow CDCR policy by not
10 having Plaintiff examined on the day of the accident.  (Id. at 8.)
11       Plaintiff filed an appeal that was partially granted and he was issued a double mattress chrono
12 and prescribed pain medication.  (Id. at 7-8.)  Ten days later Plaintiff was transferred to Avenal State
13 Prison, and they refused to honor the double mattress chrono.  (Id. at 8.)  Plaintiff sets forth
14 additional factual allegations regarding his treatment at Avenal State Prison which are not relevant
15 to his claims against Defendants Guino and Jackson brought in this action.
16       Plaintiff brings this action against Defendants Guino and Jackson for negligence in not
17 helping Plaintiff enter and exit the van.  Plaintiff alleges that Defendants Guino and Jackson knew
18 that Plaintiff could not enter or exit the van without their support.  (Id. at 11.)  Defendant Guino
19 ignored Plaintiff's complaints about being in pain and told him to "take it home."  Plaintiff claims
20 that Defendant Guino's actions resulted in Plaintiff falling and injuring himself.  (Id. at 12.)
21 **III.    Discussion**
22       Liability under section 1983 exists where a defendant "acting under the color of law" has
23 deprived the plaintiff "of a right secured by the Constitution or laws of the United States."  Jensen
24 v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  To prove a violation of the Eighth Amendment
25 the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and
26 make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's
27 health or safety."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).
28 Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of

serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Plaintiff's claims that Defendants Guino and Jackson knew he was unable to exit the van without assistance fail to state a cognizable claim. Plaintiff does not set forth any reason that Defendants Guino and Jackson would be aware that he needed assistance or that he was at substantial risk of serious harm. Thomas, 611 F.3d at 1150. Even accepting the allegations as true, the fact that Defendants failed to assist Plaintiff would merely state a claim for negligence, which is insufficient to rise to the level of an Eighth Amendment violation. Farmer, 511 U.S. at 835.

Plaintiff alleges that Defendant Guino failed to have Plaintiff examined on the day of the accident. Deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). At the time that Plaintiff fell and was injured they were in the parking lot at the prison. Plaintiff alleges that he told Defendant Guino that he was hurting severely and that Defendant Guino should have taken him to see a doctor immediately, however, according to the complaint it wasn't until Plaintiff attempted to sit on his bunk that he experienced a sharp pain and asked to see a doctor.

Even assuming that Defendant Guino was aware that Plaintiff had a serious medical need, the allegations fail to state a cognizable claim. Plaintiff was examined shortly after he fell and received medication for pain the same day. A delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

Plaintiff's allegations that Defendant Guino failed to follow CDCR procedure by not having

4

him examined by staff on the date of the injury fails to state a cognizable claim.  There is no independent cause of action for a violation of Title 15 regulations.  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Nor is there any liability under § 1983 for violating prison policy.  Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

Finally, Plaintiff's allegations that he was "verbally assaulted" by Defendant Guino fail to state a cognizable claim.  Verbal harassment does not constitute a violation of the Eighth Amendment.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987).

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be

///

///

///

granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

    IT IS SO ORDERED.

**Dated:  October 14, 2011**　　　　　　　　　　　　/s/ Sandra M. Snyder
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE